| | |
|---|---|
| 1 | TARUN MEHTA, Bar No. 262886 |
| 2 | tmehta@littler.com<br>LITTLER MENDELSON, P.C. |
| 3 | 1255 Treat Boulevard<br>Suite 600 |
| 4 | Walnut Creek, CA  94597<br>Telephone:  925.932.2468 |
| 5 | Fax No.:    925.946.9809 |
| 6 | Attorneys for Defendant<br>WAL-MART STORES, INC. |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLEM MARAIS, an individual,<br><br>                    Plaintiff,<br><br>        v.<br><br>WAL-MART STORES, INC., a Delaware corporation; and DOES 1 through 20, inclusive,<br><br>                    Defendants. | Case No.<br><br>**DEFENDANT WAL-MART STORES, INC.'S NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION FROM STATE COURT**<br><br>**[28 U.S.C. §§ 1332(a)(1), 1441, 1446] (DIVERSITY)**<br><br>Complaint filed in Los Angeles Superior Court:  January 13, 2015<br>Trial Date: None Set |

**TO THE CLERK OF ABOVE-ENTITLED COURT, AND PLAINTIFF WILLEM MARAIS AND HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant WAL-MART STORES, INC. ("Walmart" or "Defendant") hereby removes the above-captioned action from the Superior Court of the State of California for the County of Los Angeles to the United States District Court for the Central District of California, Western Division, pursuant to 28 U.S.C. §§ 1441 and 1446.

This Notice is based upon the original diversity jurisdiction of the United States District Court over the parties under 28 U.S.C. § 1332(a). In support of this Notice of Removal, Defendant states as follows:

## STATUS OF STATE COURT PROCEEDINGS

1. On January 13, 2015, Plaintiff Willem Marais filed a Complaint for Damages (the "Complaint") in Los Angeles County Superior Court, styled *Willem Marais, an individual, v. Wal-Mart Stores, Inc., a Delaware corporation; and Does 1 through 20, inclusive*, and designated as Case No. VC064542 (the "Superior Court Action"). *See* Declaration of Tarun Mehta in Support of Removal ("Mehta Decl."), ¶ 2, Ex. A.

2. On January 30, 2015, Plaintiff served a Summons and a copy of the Complaint, together with a Civil Case Cover Sheet, Civil Case Cover Sheet and Addendum, and Notice of Case Management Conference, upon Walmart's registered agent. *See* Mehta Decl. ¶ 2, Ex. A. This constitutes Walmart's first legal notice of the Superior Court Action for purposes of removal.

3. The Complaint, Summons, Civil Case Cover Sheet, Civil Case Cover Sheet and Addendum, related notices provided by the Clerk of the Superior Court, and Notice of Case Management Conference constitute all of the pleadings and process that have been served upon Walmart in this action to date. *See* Mehta Decl. ¶¶ 2 and 3.

4. On February 26, 2015, Walmart filed with the Superior Court its Answer to Plaintiff's Complaint for Damages. *See* Mehta Decl. ¶ 4, Ex. C.

5. In his Complaint, Plaintiff alleges that he has been employed by Walmart as an assistant manager since September 10, 2014. Compl. ¶ 20, Mehta Decl. ¶ 2, Ex. A. Plaintiff further alleges that Walmart misclassified him as an exempt employee, as a result of which Walmart has not paid him overtime compensation and he has not been "able to take meal periods or breaks or afforded other protections that [he] was entitled to as a non-exempt employee." Compl. ¶ 19, Mehta Decl. ¶ 2, Ex. A.

6. Plaintiff's Complaint purports to assert six causes of action: (1) failure to pay overtime compensation, in violation of California Labor Code §§ 223, 510 and 1194 *et seq.*; (2) failure to provide rest periods, in violation of California Labor Code § 226.7; (3) failure to provide meal periods, in violation of California Labor Code § 226.7; (4) failure to provide accurate wage statements, in violation of California Labor Code § 226; (5) conversion; and (6) unfair business practices, in violation of California Business and Professions Code §§ 17200 *et seq.* The damages that Plaintiff seeks to recover from Defendants include: (1) unpaid overtime wages; (2) liquidated damages; (3) meal-period pay; (4) rest-period pay; (5) compensatory damages; (6) punitive damages; (7) restitution; (8) disgorgement of profits; and (9) attorney's fees. Compl. at pp. 12-13 (*ad damnum* clause), Mehta Decl. ¶ 2, Ex. A.

7. The Complaint also names as defendants "DOES 1 through 20, inclusive." Defendant is informed and believes, and on that basis alleges, that none of the fictitiously named defendants have been identified or served with a Summons and Complaint. As such, the fictitiously named defendants need not join or consent to removal. *See* 28 U.S.C. § 1446(b)(2)(A).

**JURISDICTION AND VENUE**

8. Venue is proper in this Court pursuant to 28 U.S.C. §§ 84(c)(2) and 1441(a) because this action was filed in the Superior Court of the State of California for the County of Los Angeles.

9. As discussed below, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), and Walmart may remove this action to this Court pursuant to 28 U.S.C. § 1441(b), because it is a civil action between citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

## I. There Is Complete Diversity Between The Parties.

### A. Plaintiff Is a Citizen of California.

10. For diversity purposes, an individual is a citizen of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). "[T]he existence of domicile for purposes of diversity is determined as of the time the lawsuit was filed." *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986).

11. Plaintiff alleges in his Complaint that he resided in the State of California at all relevant times. Compl. ¶ 1, Mehta Decl. ¶ 2, Ex. A. "The place where a man lives is properly taken to be his domicile until facts adduced establish the contrary." *Dist. of Columbia v.* Murphy, 314 U.S. 441, 455 (1941). No facts have been adduced to establish that Plaintiff is not domiciled in California. Therefore, Plaintiff is a citizen of California for diversity purposes.

### B. Walmart Is Not a Citizen of California.

12. For diversity purposes, a corporation "shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

13. Walmart was incorporated in the State of Delaware. In fact, Plaintiff expressly alleges in his Complaint that Walmart "is and at all times relevant to this Complaint was a Delaware Corporation." Compl. ¶ 2, Mehta Decl. ¶ 2, Ex. A. Walmart therefore is a citizen of Delaware for diversity purposes.

14. To determine a corporation's principal place of business, courts apply the "nerve center" test, which deems the principal place of business to be the state in which the corporation's officers direct, control, and coordinate the corporation's

activities. *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). A corporation's principal place of business normally is the state in which it maintains its main headquarters. *Id.*

15. Walmart's headquarters and corporate offices are located in Bentonville, Arkansas, which is where its officers and directors perform the company's executive and administrative functions. Thus, its principal place of business is Arkansas, and it also is a citizen of Arkansas for diversity purposes.

16. Based on the foregoing, Walmart is not a citizen of California for diversity purposes.

### C. The Citizenship of Doe Defendants Is Disregarded for Diversity Purposes.

17. For purposes of removal, the citizenship of defendants sued under fictitious names is disregarded, and citizenship of only named the defendants is considered. 28 U.S.C. § 1441(b)(1).

18. Defendants Does 1 through 20 are fictitious. The Complaint does not state the identity or status of these fictitious defendants, nor does it state any specific allegation of wrongdoing against any fictitious defendants. Pursuant to § 1441(b)(1), the citizenship of these fictitious defendants cannot defeat the diversity of citizenship between the named parties and should be disregarded. *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690 (9th Cir. 1998).

## II. The Amount in Controversy Exceeds $75,000.

19. Plaintiff's Complaint does not allege a specific amount in controversy but states that the damages he seeks to recover include unpaid overtime wages, meal- and rest-period pay, compensatory, liquidated, and punitive damages, restitution, disgorgement of profits, and attorney's fees and costs. *See* Compl. at 12-13 (*ad damnum* clause), Mehta Decl. ¶ 2, Ex. A.

20. Where removal is based on diversity of citizenship and the initial pleading seeks a money judgment but does not demand a specific sum, "the notice of

1  removal may assert the amount in controversy." 28 U.S.C. § 1446(c)(2)(A). "[A]
2  defendant's notice of removal need include only a plausible allegation that the amount
3  in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating*
4  *Co. v. Owens*, No. 13-719, 2014 U.S. LEXIS 8435, at *14 (Dec. 15, 2014).

5  21.  A settlement demand letter constitutes relevant evidence of the amount in
6  controversy. *Cohn v. PetSmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002); *see also*
7  *Talbott v. Target Corp.*, No. SACV 11-1705-JST (RNBx), 2012 U.S. Dist. LEXIS
8  166541, at *4 (C.D. Cal. Jan. 20, 2012) (finding that plaintiff's settlement demand
9  letter valuing damages at $73,880 was sufficient to meet $75,000 jurisdictional
10 threshold where plaintiff also sought punitive damages and attorney's fees). By letter
11 dated June 9, 2014, Plaintiff (through counsel) made a pre-litigation settlement
12 demand in which he calculated his damages as totaling the sum of $153,943.02, not
13 including attorney's fees. *See* Mehta Decl. ¶ 6, Ex. D.

14 22.  Although Walmart denies the validity and merit of all of Plaintiff's
15 claims and allegations and denies that Plaintiff is entitled to any relief, Plaintiff's
16 settlement demand letter establishes that the amount in controversy in this case
17 exceeds the jurisdictional minimum of $75,000, exclusive of interest and costs.

## COMPLIANCE WITH PROCEDURAL REQUIREMENTS

19 23.  This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b),
20 as it is being filed within thirty days of service of the Complaint on Walmart.

21 24.  As required by 28 U.S.C. § 1446(d), Walmart will promptly provide
22 written notice of this Notice of Removal to Saba Zafar, counsel for Plaintiff, and will
23 also promptly file a copy of this Notice of Removal with the Clerk of the Superior
24 Court of the State of California, County of Los Angeles.

## CONCLUSION

26 WHEREFORE, having fulfilled all statutory requirements, Walmart removes
27 this action from the Superior Court of Los Angeles County, California, to this Court,
28

LITTLER MENDELSON, P.C.
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

6.

1  and requests that this Court assume full jurisdiction over this matter as provided by
2  law.
3  Dated:    February 26, 2015          Respectfully submitted,

                                        /s/ Tarun Mehta
                                        Tarun Mehta
                                        LITTLER MENDELSON, P.C.
                                        Attorneys for Defendant
                                        WAL-MART STORES, INC.

Firmwide:131738444.1 080000.1085