1  JOHN S. HONG, Bar No. 255150
   jhong@littler.com
2  LITTLER MENDELSON, P.C.
   650 California Street
3  20th Floor
   San Francisco, CA  94108.2693
4  Telephone:  415.433.1940
   Facsimile:   415.399.8490
5

6  Attorneys for Defendant
   WAL-MART STORES, INC.
7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11  WILLEM MARAIS, an individual,      Case No.  2:15-CV-01384-DMG-AJW

12            Plaintiff,

13       v.                           **DEFENDANT WAL-MART
                                      STORES, INC.'S MEMORANDUM
14  WAL-MART STORES, INC., a          OF CONTENTIONS OF FACTS
    Delaware corporation; and DOES 1  AND LAW**
15  through 20, inclusive,
                                      **[L.R. 16-4]**
16            Defendants.
                                      Pretrial Conf:   March 15, 2016
17                                    Time:            2:00 p.m.
                                      Dept:            7, 2nd Floor
18                                    Judge:           Hon. Dolly Gee
                                      Trial Date:      April 19, 2016
19                                    Time:            8:30 a.m.

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
633 West Fifth Street
63rd Floor
Los Angeles, CA  90071
213-443-4299

DEFENDANT'S MEMORANDUM OF
CONTENTIONS OF FACTS AND LAW                    CASE NO.: 2:15-CV-01384-DMG-AJW

**TO THE HONORABLE COURT:**

Pursuant to Central District Local Rule 16-4, Defendant Wal-mart Stores, Inc. ("Walmart" or "Defendant") hereby submits the following Memorandum of Contentions of Fact and Law in the above-referenced matter. Defendant reserves the right to amend and/or modify this Memorandum of Contentions of Law and Fact based upon any subsequent developments in the case prior to trial.

**I.   INTRODUCTION**

Plaintiff Willem Marais has been employed by Walmart since September 1, 2012, and he has continuously held the position of Assistant Manager since October 6, 2012. He now claims that, for the period between April 6, 2013 and July 11, 2014, Walmart improperly classified him as an exempt employee in violation of the California Labor Code and seeks to recover from Walmart for: (1) failure to pay overtime; (2) missed rest breaks; (3) missed meal breaks; (4) paystub penalties; and (5) violations of the Unfair Competition Law, California Business and Professions Code section 17200 *et seq.* ("UCL"). As discussed more fully below, his claims are meritless.

Walmart will prove at trial that Plaintiff was properly classified as an exempt employee under California's executive and/or administrative exemptions and was therefore not entitled to overtime pay. As an Assistant Manager of a metropolitan retail store with annual revenue in the tens of millions (Store NO. 5164 in Norwalk, California), Plaintiff routinely exercised his discretion and independent judgment and necessarily spent more than half of his work time managing the different departments and employees for whom he was responsible. Due to the sheer volume of work, Plaintiff's supervisor, Store Manager Jesse Gonzales, necessarily relied on Plaintiff to manage his departments, which included Zone Managers, Department Managers, Floor Associates, and cashiers. Plaintiff was compensated at or above the minimum requirements under California law for the executive and/or administrative exemption.

LITTLER MENDELSON, P.C.
633 West Fifth Street
63rd Floor
Los Angeles, CA 90071
213-443-4299

DEFENDANT'S MEMORANDUM OF
CONTENTIONS OF FACTS AND LAW                    1.                    CASE NO.: 2:15-CV-01384-DMG-AJW

Plaintiff's complaint is based on his allegations that he spent more than 50% of his time at the Norwalk store performing non-exempt duties. Even if true, these allegations are insufficient to show that he was misclassified as exempt because Plaintiff's allegedly performing mostly non-exempt work was contrary to Walmart's realistic expectations. Additionally, the evidence shows that Plaintiff's alleged failure to spend more than 50% of his time performing exempt work was the result of his own substandard performance. As such, he cannot show that he was improperly classified as exempt.

Plaintiff also cannot sustain his claims that Walmart improperly failed to provide him meal and rest breaks. First, the meal and rest period requirements did not apply to Plaintiff because he was properly classified as exempt. Second, contrary to Plaintiff's pleadings, he admitted at his deposition that no one ever told him he could not take any type of break. Plaintiff understood Walmart's meal and rest break policies to apply to him as an Assistant Manager. Although he claims that his workload prevented him from taking breaks, his choosing not to take breaks because of a heavy workload did not render Walmart liable for violation of the California Labor Code.

Plaintiff's claims of failure to provide accurate wage statements, conversion, and unfair business practices also fail. These claims are all based on the alleged misclassification and failure to provide meal and rest breaks. Because Plaintiff cannot show that he was misclassified, his derivative claims also must fail. Moreover, Defendant will prove at trial that because Plaintiff was properly classified as an exempt employee – and Defendant believed in good faith that Plaintiff was properly classified as overtime exempt – his wage statement penalties and unfair competition claims will necessarily fail.

LITTLER MENDELSON, P.C.
633 West Fifth Street
63rd Floor
Los Angeles, CA 90071
213-443-4299

DEFENDANT'S MEMORANDUM OF
CONTENTIONS OF FACTS AND LAW                    2.                    CASE NO.: 2:15-CV-01384-DMG-AJW

II.     **SUMMARY OF PLAINTIFF'S CLAIMS**[1]

The following alleged claims remain for trial.

**Claim 1:**  Failure to Pay Overtime Compensation;

**Claim 2:**  Failure to Make Available and Permit Rest Periods;

**Claim 3:** Failure to Provide Meal Periods;

**Claim 4:** Knowing and Intentional Failure to Provide Accurate Wage Statements

**Claim 6**: Unfair Business Practices

III.    **ELEMENTS REQUIRED TO ESTABLISH PLAINTIFF'S CLAIMS AND DEFENDANT'S KEY EVIDENCE IN OPPOSITION**

A.     **Claim 1: Failure to Pay Overtime Compensation**

1. **Elements**

Under California Labor Code Sections 510 and 515, an employee is entitled to overtime pay for overtime hours worked unless the employer demonstrates his work is subject to an exemption.  *Conley v. Pacific Gas & Electric Co.*, 131 Cal. App. 4th 260, 266 (2005).  The IWC established exemptions to Section 510 by means of wage orders.  The executive employee exemption, Section 1 (A) (1) of the Wage Order at 8 Cal. Code Regs. Section 11070, applies to a person:

(a)     Whose   duties   and   responsibilities   involve   the

---

[1] Plaintiff has indicated his abandonment of Claim 5 for conversion, conceding that a claim for conversion does not lie for a violation for the California Labor Code. (*See e.g. Jacobs v. Genesco, Inc.* (E.D. Cal. 2008) 2008 U.S. Dist. LEXIS 79882, *7; *Thomas v. Home Depot USA Inc.* (N.D. Cal. 2007) 527 F. Supp. 2d 1003, 1010; *In re Wal-Mart Stores, Inc. Wage and Hour Lit.* (N.D. Cal. 2007) 505 F. Supp. 2d 609, 618-619 ["unpaid wages under the Labor Code cannot form the basis for a claim of conversion given the existence of the Labor Code's 'detailed remedial scheme for violation of its provisions'"]; *Vasquez v. Coast Valley Roofing, Inc.*, (E.D. Cal. 2007) 2007 U.S. Dist. LEXIS 44102 at * 10; *Pulido v. Coca-Cola Enterprises, Inc.* (C.D. Cal. 2006) 2006 U.S. Dist. LEXIS 43765 [no claim for conversion when claim based on violation of Lab. Code, § 226.7]; *Green v. Party City Corp.* (C.D. Cal., Apr. 9, 2002, No. CV-01-09681) 2002 WL 553219 at p. *4 [no claim for conversion when claim based on alleged statutory violation of the Lab. Code for overtime pay].)

LITTLER MENDELSON, P.C.
633 West Fifth Street
63rd Floor
Los Angeles, CA 90071
213-443-4299

management of the enterprise in which he/she is employed or of a customarily recognized department or subdivision thereof; and

(b)    Who customarily and regularly directs the work of two or more other employees herein; and

(c)    Who has the authority to hire or fire other employees or whose suggestions and recommendations as to the hiring or firing and as to the advancement and promotion or any other change of status of other employees will be given particular weight; and

(d)    Who customarily and regularly exercises discretion and independent judgment; and

(e)    Who is primarily engaged in duties which meet the test of the exemption . . . The work actually performed by the employee during the course of the work week must, first and foremost, be examined and the amount of time the employee spends on such work, together with the employer's realistic expectations and the realistic requirements of the job, shall be considered in determining whether the employee satisfies this requirement; and

(f)    Such an employee must also earn a monthly salary equivalent to no less than two (2) times the state minimum wage for full-time employment.  Full-time employment is defined in Labor Code Section 515(c) as 40 hours per week.

## 2. Defendant's Key Evidence in Opposition

Plaintiff meets each of these requirements and was properly classified as an exempt executive under California law.

LITTLER MENDELSON, P.C.
633 West Fifth Street
63rd Floor
Los Angeles, CA 90071
213-443-4299

DEFENDANT'S MEMORANDUM OF
CONTENTIONS OF FACTS AND LAW

4.

CASE NO.: 2:15-CV-01384-DMG-AJW

### a. Plaintiff's management duties and responsibilities covered the entire store, which exceeds a "customarily recognized department or subdivision."

"The phrase 'a customarily recognized department or subdivision' is intended to distinguish between a mere collection of employees assigned from time to time to a specific job . . . and a unit with permanent status and function." 29 C.F.R. § 541.103(a) (2010). Further, "[w]hen an enterprise has more than one establishment, the employee in charge of each establishment may be considered in charge of a subdivision of the enterprise." 29 C.F.R. § 541.103(b) (2010).

Plaintiff, as Assistant Manager, was many times in sole charge of the entire Norwalk store, with complete responsibility for the operations of all twenty departments. Other times, Plaintiff was one of three Assistant Managers responsible for several departments, e.g., sporting goods, automotive, garden center, seasonal, and the employees who were assigned to those departments, including cashiers and Floor Associates, who reported to Department Managers, who in turn reported to Zone Managers, and who in turn reported to Assistant Managers.

Plaintiff performed under only general supervision work along specialized lines requiring special training, experience, or knowledge as an Assistant Manager managing different employees and departments of Defendant's retail operations.

### b. Plaintiff customarily and regularly directed the duties of 35 to 55 employees.

The Wage Order requires that an executive employee customarily and regularly direct the duties of two or more employees. 8 Cal. Code. Regs. § 11070(1)(A)(1)(a); *Ralph's Grocery Co. v. Superior Court*, 112 Cal. App. 4th 1090, 1106 (2006) (store managers meet the executive exemption when their duties include supervising other employees) *overruled on other grounds, Prachasaisoradej v. Ralph's Grocery Co., Inc.*, 42 Cal. 4th 217 (2007).

At all times during his tenure as Assistant Manager, Plaintiff managed

LITTLER MENDELSON, P.C.
633 West Fifth Street
63rd Floor
Los Angeles, CA 90071
213-443-4299

DEFENDANT'S MEMORANDUM OF
CONTENTIONS OF FACTS AND LAW                    5.                    CASE NO.: 2:15-CV-01384-DMG-AJW

dozens of employees at a time.  Plaintiff admits that anywhere between 35 and 55 employees reported to him in terms of structure, tasks, direction and general supervision in any given day.

      **c.**     **Plaintiff's recommendations as to the advancement and promotion of employees were given particular weight.**

Plaintiff was expected to and did evaluate the job performance of his subordinate employees.  In fact, it was Plaintiff's belated evaluation of the job performance of an employee that gave rise to Plaintiff receiving a written warning. Plaintiff was also expected to provide coaching and discipline to his subordinate employees, which was also an issue because Plaintiff struggled with managing his subordinates' performance.

      **d.**     **Plaintiff's monthly salary well exceeded two times the California minimum wage.**

California law requires that an executive employee "earn a monthly salary equivalent of no less than two times the state minimum wage for full-time employment."  8 Cal. Code Regs. § 11040(1)(A).  Plaintiff's gross pay as Assistant Manager from April 3, 2013 to July 11, 2014 was always above $50,000.  The highest applicable annual *minimum* to qualify for the executive exemption under California law during the relevant period was $37,440.00 ($9.00 x 40 hours per week is $320 per week, multiplied by 52 weeks equals $16,640, multiplied by 2), which was in effect only for the short period between July 1, 2014 and July 11, 2014.

      **e.**     **Walmart repeatedly communicated its realistic expectations that Plaintiff perform primarily exempt work.**

The standard governing Walmart's realistic expectations in exemption analysis was articulated by the California Supreme Court in *Ramirez v. Yosemite Water Co.*, 20 Cal. 4th 785 (1999).  The Court noted that an essential phase of the exemption analysis is "inquiring into the *realistic* requirements of the job," and

DEFENDANT'S MEMORANDUM OF
CONTENTIONS OF FACTS AND LAW

6.

CASE NO.: 2:15-CV-01384-DMG-AJW

outlined the following test:

> In so doing, the court should consider, first and foremost, how the employee actually spends his or her time. But the trial court should also consider whether the employee's practice diverges from the employer's realistic expectations, whether there was any concrete expression of employer displeasure over an employee's substandard performance, and whether these expressions were themselves realistic given the actual overall requirements of the job.

*Id.* at 802 (emphasis in original).

Walmart's expectation that Plaintiff, as Assistant Manager, should spend more than 50% of his time engaged in exempt activities is a realistic expectation. This realistic expectation was conveyed in a myriad other ways. Plaintiff's own deposition testimony, his work history as a retail manager in different stores, Defendant's job description for the Assistant Manager position, the three separate performance-based warnings that Plaintiff received for failure to adhere to managerial performance levels, Plaintiff's Performance Improvement   Plan, Plaintiff's Annual Performance Evaluation, email messages exchanged with or regarding Plaintiff among managers and the testimonies of Plaintiff's supervisors and co-Managers all show that he was expected to and did, in fact, perform primarily executively and/or administratively exempt work for Defendant.

### f.    Plaintiff customarily and regularly exercised discretion and independent judgment.

The California executive exemption requires that the employee customarily and regularly exercise discretion and independent judgment. 8 Cal. Code Regs. § 11070(1)(A). The wage order does not define "discretion and independent judgment." However, the California Court of Appeals in *Nordquist v. McGraw-Hill Broadcasting Co.*, defines "discretion and independent judgment" as "the power to make an independent choice free from immediate supervision and with respect to matters of significance . . . . Matters of consequence are those of substantial significance to the policies or general operations of the business of the employer." *Nordquist v. McGraw-Hill Broadcasting Co.*, 32 Cal. App. 4th 555, 573 (1995).

LITTLER MENDELSON, P.C.
633 West Fifth Street
63rd Floor
Los Angeles, CA 90071
213-443-4299

DEFENDANT'S MEMORANDUM OF
CONTENTIONS OF FACTS AND LAW                7.                CASE NO.: 2:15-CV-01384-DMG-AJW

*Nordquist* adopts the definition found in 29 C.F.R. § 541.202. Under these standards, Plaintiff customarily and regularly exercised discretion and independent judgment while acting as Assistant Manager.[2]

Plaintiff admitted at his deposition that his job required use of independent discretion and judgment. Indeed, Plaintiff needed discretion and judgment to complete employee evaluations, coachings and discipline. It was also Plaintiff's responsibility to schedule his subordinate employees for work and consider the availability of associate hours and peak sales time to adequately staff the sales floor. This scheduling is not a mechanical task, as sales and available labor hours fluctuated on a weekly basis. Similarly, Plaintiff decided which tasks needed to be performed, who should perform them and when. Molina was in charge of working with vendors in addition to working with employees assigned to his departments. Plaintiff did not rely on manuals to perform his work, but his own expertise. Plaintiff also had the authority to affect operating practices.

### g.   Plaintiff spent more than half of his time performing exempt work.

Plaintiff spent more than the requisite 50% amount of time performing exempt work. While few California cases define "managerial work," the Wage Order specifically incorporates the definition set forth in regulations promulgated under the FLSA.[3] 8 Cal. Code Regs. § 11070 1(A)(1)(e). In particular, the Wage Order incorporates 29 C.F.R. § 541.102, which provides examples of exempt work such as: "directing the work of employees; . . . appraising employees' productivity and efficiency for the purpose of recommending promotions or other changes in status; disciplining employees; planning the work; determining . . . merchandise to be

---

[2] "The phrase 'customarily and regularly' means a frequency that must be greater than occasional but which, of course, may be less than constant. Tasks or work performed 'customarily and regularly' includes work normally and recurrently performed every workweek; it does not include isolated or one-time tasks." 29 C.F.R. § 541.701.
[3] Note that the FLSA regulations were changed in 2004. The Wage Order has not been amended to reference the new regulations.

LITTLER MENDELSON, P.C.
633 West Fifth Street
63rd Floor
Los Angeles, CA 90071
213-443-4299

DEFENDANT'S MEMORANDUM OF
CONTENTIONS OF FACTS AND LAW          8.          CASE NO.: 2:15-CV-01384-DMG-AJW

bought, stocked and sold; controlling the flow and distribution of materials or merchandise and supplies." 29 C.F.R. § 541.102 (2010).    A manager may simultaneously be engaged in hands-on, non-exempt type work and in the exercise of managerial duties.  For example, when a manager physically places items on shelves while creating a display, the placing of the merchandise is the means for carrying out the exempt task of decision-making regarding how to feature and display products to appeal to customers.

As discussed above, In Plaintiff's position as Assistant Manager, he spent or should have spent the majority of his work time engaged in exempt work, including the following: (1) providing supervision and development opportunities for Zone Managers, Department Managers and Sales Floor Associates in his assigned area(s) by monitoring and evaluating their performance and assigning duties; (2)  ensuring compliance with Company policies and procedures by holding Zone Managers, Department Managers and Sales Floor Associates accountable, analyzing and interpreting reports, implementing and monitoring asset protection and safety controls, maintaining quality assurance standards, overseeing safety and operational reviews, developing and implementing action plans to correct deficiencies, and providing direction and guidance on executing Company programs and strategic initiatives; (3) driving the financial performance of his assigned area(s) by ensuring that sales and profit goals are achieved and implementing plans to correct any deficiencies; (4) modeling, enforcing, and providing direction and guidance to hourly associates on proper customer service approaches and techniques to ensure customer needs, complaints and issues are successfully resolved within Company guidelines and standards; and (5) driving sales in assigned area(s) by ensuring effective merchandise presentation, including accurate and competitive pricing, proper signing, in-stock and inventory levels, budgeting and forecasting sales, and assessing economic trends and community needs.

LITTLER MENDELSON, P.C.
633 West Fifth Street
63rd Floor
Los Angeles, CA  90071
213-443-4299

DEFENDANT'S MEMORANDUM OF
CONTENTIONS OF FACTS AND LAW                    9.                    CASE NO.: 2:15-CV-01384-DMG-AJW

B.    **Claim 2:  Failure to Make Available and Permit Rest Periods**

1. **Elements**

In the unlikely event that Plaintiff is found to be non-exempt, Defendant had an obligation to authorize and permit Plaintiff to take paid rest breaks from April 6, 2013 to July 11, 2014.  To establish a claim for missed rest breaks, Plaintiff bears the burden of proving: (1) he worked shifts of sufficient length to entitle him to take rest breaks, (2) that Defendant did not authorize or permit Plaintiff to take the required rest breaks, and (3) that he did not take rest breaks as a result. *Brinker Rest. Corp. v. Superior Court*, 53 Cal.4th 1004, 1038-40 (2012); *see also Dailey v. Sears, Roebuck & Co.* (2013) 214 Cal.App.4th 974, 1000.

Defendant is not obligated to ensure breaks are taken – its only obligation is to authorize and permit employees to take breaks.  *Brinker*, 53 Cal.4th at 1038-40; *see also Dailey,* 214 Cal.App.4th 974, 1000.  In other words, employees are free to elect not to take rest break.  *Brinker*, 53 Cal.4th at 1033.  Under California law, employees are entitled to one 10-minute rest break for work shifts that last 3.5 hours to 6 hours; and two 10-minute rest breaks for shifts that last more than 6 hours up to 10 hours.  *Id.* at 1029.  There is no legal requirement that rest breaks occur at a particular time during a shift.  *Id.* at 1031 (the phrase "insofar as practicable" means employers have a duty to make a good faith effort to authorize and permit rest breaks in the middle of each work period, but may deviate from that timing when practical considerations render it infeasible).  Also, the applicable wage order(s) do not require that rest breaks be duty-free – only that no work be performed during the break. An employer does not have to state California's rest break requirements verbatim, so long as its actual practice is to authorize and permit employees to take required rest breaks.  *See Gonzalez v. Millard Mall Services, Inc.* (S.D. Cal. 2012) 281 F.R.D. 455, 462.

Thus, Defendant will prevail at trial by establishing that: (1) its policies and practices authorized Plaintiff to take rest breaks, even if he chose not to do so, (2)

LITTLER MENDELSON, P.C.
633 West Fifth Street
63rd Floor
Los Angeles, CA 90071
213-443-4299

DEFENDANT'S MEMORANDUM OF CONTENTIONS OF FACTS AND LAW      10.      CASE NO.: 2:15-CV-01384-DMG-AJW

1   Plaintiff in fact took breaks, and/or (3) Plaintiff voluntarily chose not to take provided

2   rest breaks.

3               **2.  Defendant's Key Evidence in Opposition**

4               Defendant's rest break policy language complies with California law

5   regarding rest breaks, which specifically states:

6       Depending on how many hours you work, you will receive paid,

7       uninterrupted 15-minute rest breaks as follows:

8       • If you work more than three and up to six hours in a single workday, you

9         will receive one rest break.

10      • If you work more than six and up to ten hours in a single workday, you

11        will received two rest breaks.

12      • If you work more than ten and up to fourteen hours in a single workday,

13        you will receive three rest breaks….

14              The policy follows by stating: "You are authorized and permitted to take

15  a 15-minute paid rest break for every three hours worked. Whenever practicable, you

16  should take (or will be scheduled for) your breaks near the middle of each three-hour

17  work period."

18              The policy prohibits employees from working during rest breaks: "You

19  should be completely relieved of duty and must not perform any work during your rest

20  breaks. If you perform work during a rest break that prevents you from receiving 15

21  minutes of uninterrupted non-work time, you may take a later paid, uninterrupted 15-

22  minute rest break as soon as practicable."

23          Plaintiff testified that he understood that he was entitled to take rest breaks

24  pursuant to Walmart policy.  Plaintiff testified that he was allowed to do so and that

25  Jesse Gonzales never disallowed it.  Nevertheless, due to the amount of work for

26  which he was responsible under Gonzales' supervision, Plaintiff voluntarily elected to

27  work through rest breaks.

28

LITTLER MENDELSON, P.C.
633 West Fifth Street
63rd Floor
Los Angeles, CA 90071
213-443-4299

DEFENDANT'S MEMORANDUM OF
CONTENTIONS OF FACTS AND LAW

11.

CASE NO.: 2:15-CV-01384-DMG-AJW

C.    **Claim 3: Failure to Provide Meal Periods**

   1. **Elements**

Establishing that an employee is exempt from overtime is a complete defense to claims for meal break premiums under Labor Code Sections 512, 226.7.  In the unlikely event that Plaintiff is found to be non-exempt, Defendant was required to provide him – between April 6, 2013 and July 11, 2014 – with a meal period of not less than 30 minutes, if Plaintiff worked a period of more than five hours in a day, except that if a work period of not more than six hours would complete the day's work, the meal period may be waived by mutual consent of the employer and the employee.  Labor Code Section 226.7, 512, Wage Order 5, Section 11.

The employer's obligation is only to provide meal breaks (i.e. relieve the employee of all duties, give them a reasonable opportunity to take a 30 minute break, and not impede or discourage them from doing so).  It need not "ensure" that the Managers in fact took such breaks. *Brinker Rest. Corp. v. Superior Court*, 53 Cal.4th 1004, 1040-42 (2012); *White v. Starbucks Corp*., 497 F.Supp.2d 1080 (N.D. Cal. 2007) (employee must show that he was forced to forego his meal breaks as opposed to merely showing that he did not take them, regardless of the reason); *Brown v. Federal Express Corp*., 249 F.R.D. 580, 587 (C.D. Cal. 2008) (employer must only provide a meal period).  In fact, a *bona fide* relief from duty and the relinquishing of control satisfies the employer's obligations, and work by an employee notwithstanding during a meal break does not thereby place the employer in violation of the law. *Plaisted v. The Dress Barn, Inc*., 2013 U.S. Dist. LEXIS 10501, *6 (C.D. Cal. 2013). The employer does not have a legal obligation to ensure that the employee conducts no work during the break.  If the employee chooses to do so because he may feel overwhelmed by running a store and managing employees, as long as he was not pressured by management to work through a break, there is no liability. *Plaisted v. The Dress Barn, Inc*., 2013 U.S. Dist. LEXIS 10501, *11-12 (C.D. Cal. 2013)

LITTLER MENDELSON, P.C.
633 West Fifth Street
63rd Floor
Los Angeles, CA 90071
213-443-4299

DEFENDANT'S MEMORANDUM OF
CONTENTIONS OF FACTS AND LAW                    12.                    CASE NO.: 2:15-CV-01384-DMG-AJW

1    If found to be not exempt, Plaintiff would have the burden of proving he

2    was not provided with meal breaks, and their damages.

3    **2. Defendant's Key Evidence in Opposition**

4    As with rest breaks, Defendant's meal break policy language complies

5    with California law, which specifically states:

6

7    If you work more than five consecutive hours, you must take an
     uninterrupted meal period of at least 30 minutes that must begin on
8    or before your fifth hour of work. With your supervisor's prior
     approval, you may take up to 60 minutes for your meal period. If
9    you work more than 10 hours, you must take a second
     uninterrupted meal period of at least 30 minutes that must begin on
10   or before your tenth hour of work.

11   The policy clarifies that meal breaks may be taken anywhere regardless

12   of shift:

13   You do not need to remain on the premises for your meal periods.
     Even if you are an overnight associate in a facility that is secured
14   during the overnight shift, you may leave the premises for your
     meal periods. If you choose to remain on the premises, you should
15   take your meal period in the break/meeting room or other areas of
     the premises designated for associate rest breaks or meal periods.

16   The policy is also clear to prohibit work during a meal break:

17   You should be completely relieved of duty during your meal
     periods and you must not perform any work during your meal
18   periods.

19   Plaintiff testified that he understood that he was entitled to take meal

20   breaks pursuant to Walmart policy.  Plaintiff testified that he was allowed to do so and

21   that Jesse Gonzales never disallowed it.  Plaintiff was never disciplined for taking a

22   meal break.  Nevertheless, due to the amount of work for which he was responsible

23   under Gonzales' supervision, Plaintiff felt like he could not take meal breaks and

24   voluntarily elected to work through them.

25   Notwithstanding Plaintiff's testimony, others witnessed Plaintiff taking

26   lunch breaks in his car in the store parking lot.  Further, Gonzales did not establish a

27   culture of prohibiting or discouraging breaks.  Gonzales, a strong proponent of leading

28   by example, himself testified to taking his own meal breaks and encouraging others to

LITTLER MENDELSON, P.C.
633 West Fifth Street
63rd Floor
Los Angeles, CA 90071
213-443-4299

DEFENDANT'S MEMORANDUM OF
CONTENTIONS OF FACTS AND LAW            13.            CASE NO.: 2:15-CV-01384-DMG-AJW

do so.

### D.   Claim 4: Knowing and Intentional Failure to Provide Accurate Wage Statements

#### 1.   Elements

The California Labor Code requires employers to furnish itemized wage statements to all their employees "except for any employee . . . who is exempt . . . under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission . . . ." Cal. Labor Code § 226(a).  Wage statements must show:  (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime, (3) the number of piece rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and their last four digits of the social security number or an employee identification number other than a social security number may be shown on the itemized statement, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. *Id.*

#### 2.  Defendant's Key Evidence in Opposition

California law moots Plaintiff's claim for damages or penalties on itemized wage statements because, as discussed in Claim 1, he was an exempt employee for all relevant time periods.  Also, Plaintiff's failure to demonstrate that Defendant knowingly and intentionally failed to provide him with accurate itemized statements is fatal to this claim. *See* Cal. Lab. Code §226(e).

LITTLER MENDELSON, P.C.
633 West Fifth Street
63rd Floor
Los Angeles, CA 90071
213-443-4299

DEFENDANT'S MEMORANDUM OF
CONTENTIONS OF FACTS AND LAW                14.                CASE NO.: 2:15-CV-01384-DMG-AJW

E.    **Claim 6: Unfair Competition**

   1. **Elements**

   Cal. Bus. & Prof. Code §17200 prohibits "unfair competition ," which includes "any unlawful, unfair, or fraudulent business act or practice . . . ." There must, however, be a pattern or course of conduct by the wrongdoer, not merely an isolated incident. *State ex rel. Van de Kamp v. Texaco, Inc.,* 46 Cal. 3d 1147, 1169-70 (1988).  A practice is "unlawful" if it violates some other law. *Saunders v. Superior Court*, 27 Cal. App. 4th 832, 839 (1994).

   In determining whether a practice is "unfair," courts generally apply a balancing test that "involves an examination of [the practice's] impact on its alleged victim, balanced against the reasons, justifications and motives of the alleged wrongdoer. In brief, the court must weigh the utility of the defendant's conduct against the gravity of the harm to the alleged victim." *Motors, Inc. v. Times Mirror Co.*, 102 Cal. App. 3d 735, 740  (1980).

   A practice is "fraudulent" if "members of the public are likely to be deceived." *Committee on Children's Television, Inc. v. General Foods Corp.*, 35 Cal. 3d 197, 211 (1983).  The Ninth Circuit has held that the "reasonable person" standard governs the test of deception under §17200 (i.e., is it likely a reasonable person would have been deceived). *See Freeman v. Time, Inc.*, 68 F.3d 285, 289 (9th Cir. 1995).

   2. **Defendant's Key Evidence in Opposition**

   Plaintiff  bases his unfair competition and unfair business practices claim on his underlying claims for unpaid overtime and waiting time penalties. Because any unfair competition and unfair business practice claim "borrows violations of other laws [including the Labor Code] when committed pursuant to business activity," *Harris v. Investor's Business Daily, Inc.*, 138 Cal. App. 4th 28, 32-33   (2006), Defendant opposes Plaintiff's unfair competition and unfair business practices claims on the same bases that it opposes all of Plaintiff's other individual claims. Stated differently, Molina, as an exempt employee, is not entitled to overtime compensation

LITTLER MENDELSON, P.C.
633 West Fifth Street
63rd Floor
Los Angeles, CA  90071
213-443-4299

DEFENDANT'S MEMORANDUM OF
CONTENTIONS OF FACTS AND LAW                     15.                     CASE NO.: 2:15-CV-01384-DMG-AJW

(Claim 1) or itemized wage statements (Claim 4). As a result, none of his claims remain to sustain an unfair competition and unfair business practices claim.

## IV. DEFENDANT'S AFFIRMATIVE DEFENSES[4]

Defendant will pursue the following affirmative defenses at trial:

    A.    Affirmative Defense 2: Statute Of Limitations

    B.    Affirmative Defense 4: Waiver

    C.    Affirmative Defense 18: Plaintiff's Failure or Refusal to Take Meal/Rest Breaks Was Voluntary

    D.    Affirmative Defense 19: Lack of Willful or Intentional Conduct by Defendant

    E.    Affirmative Defense 21: Executive and/or Administrative Exemption

    F.    Affirmative Defense 22: Failure to Meet Reasonable Requirements

    G.    Affirmative Defense 23: Failure to Meet Reasonable Expectations

    H.    Affirmative Defense 25: Waiver of Meal/Rest Breaks

## V. ELEMENTS OF AND EVIDENCE TO ESTABLISH DEFENDANT'S AFFIRMATIVE DEFENSES

### A. Affirmative Defense 2: Statute Of Limitations

        Failure to assert a claim within the applicable statute of limitations operates as an affirmative defense to a claim for relief. Defendant must show: (1) the applicable statute of limitations for the claim asserted; and (2) Plaintiff failed to timely file his claim(s) within the applicable period. *Nogart v. Upjohn Co.,* 21 Cal. 4th 383, 397 (1999). Here, Plaintiff's fourth cause of action for statutory penalties under California Labor Code section 226 is limited by the maximum one-year statute of limitations set forth in the California Code of Civil Procedure section 340. CODE CIV.

---

[4] Defendant's Answer (Docket No. 1, Exhibit C) asserts twenty-nine affirmative defenses. However, for judicial economy and otherwise, Defendant will only pursue the affirmative defenses identified in Section IV, A. As fully set forth in Section XI, *infra*, all other affirmative defenses are hereby abandoned.

LITTLER MENDELSON, P.C.
633 West Fifth Street
63rd Floor
Los Angeles, CA 90071
213-443-4299

DEFENDANT'S MEMORANDUM OF
CONTENTIONS OF FACTS AND LAW         16.         CASE NO.: 2:15-CV-01384-DMG-AJW

PROC. § 340, sub. (a).   Plaintiff first filed his Complaint on January 15, 2015. Accordingly, the limitations period on Plaintiff's claim for penalties under Section 226 is from January 15, 2014 to July 11, 2014, the end of Plaintiff's contested period.

B.   **Affirmative Defense 4: Waiver**

To establish the affirmative defense of waiver, Defendant must prove that Plaintiff knew of his rights with respect to meal and/or rest breaks, but voluntarily waived his right to take such breaks.

In support of this defense, Defendant will put forth evidence that Plaintiff was aware of his rights with respect to meal and rest breaks, had tools and procedures to take breaks or request remedies concurrently, but waived his right to take such breaks and/or his right to recover and of Defendant's alleged violations.  Furthermore, Defendant will put forth evidence that Plaintiff was provided with lawful and compliant meal and rest breaks, but Plaintiff waived the right to take them by voluntarily choosing not to do so.  Defendant's evidence will include witness testimony, Defendant's policies, and Plaintiff's emails.

C.   **Affirmative Defense 18: Plaintiff's Failure or Refusal to Take Meal/Rest Breaks Was Voluntary**

To establish the affirmative defense of waiver, Defendant must prove that Plaintiff knew of his rights with respect to meal and/or rest breaks, but voluntarily waived his right to take such breaks.

In support of this defense, Defendant will put forth evidence that Plaintiff was aware of his rights with respect to meal and rest breaks, had tools and procedures to take breaks or request remedies concurrently, but waived his right to take such breaks and/or his right to recover and of Defendant's alleged violations.  Furthermore, Defendant will put forth evidence that Plaintiff was provided with lawful and compliant meal and rest breaks, but Plaintiff waived the right to take them by voluntarily choosing not to do so.   Defendant's evidence will include witness testimony, Defendant's policies, and Plaintiff's emails.

LITTLER MENDELSON, P.C.
633 West Fifth Street
63rd Floor
Los Angeles, CA  90071
213-443-4299

DEFENDANT'S MEMORANDUM OF
CONTENTIONS OF FACTS AND LAW

17.

CASE NO.: 2:15-CV-01384-DMG-AJW

D.   **Affirmative Defense 19: Lack of Willful or Intentional Conduct by Defendant**

To establish this affirmative defense, Defendant must prove that it has not willfully or intentionally failed to pay any additional compensation to Plaintiff to justify an award of penalties or fees, i.e., Defendant had a good faith belief that it had properly classified Plaintiff as an employee exempt from overtime wages.  *See Pedroza v. Petsmart, Inc.,* No. CV-11-298-GHK-(DTBx), 2012 WL 9506073, at *4-5 (C.D. Cal. June 14, 2012) (granting summary judgment on Labor Code section 226 claim because good faith dispute existed as to plaintiff's exemption and noting that "the 'good faith dispute' defense applies to Labor Code § 226(e))"); *Reber v. AIMCO*, 2008 U.S. Dist. LEXIS 81790 (C.D. Cal. Aug. 25, 2008).

As set forth above, Defendant has a good faith belief that Plaintiff was executively and/or administratively exempt under California law during the contested period between October 6, 2012 and July 11, 2014.  The deposition testimony of Plaintiff, his work history as a retail manager, Defendant's job description for Assistant Manager, performance-based warnings that Plaintiff received, Plaintiff's Performance Improvement  Plan, Plaintiff's Annual Performance Evaluation, email messages exchanged with or regarding Plaintiff and the testimonies of Plaintiff's supervisors and co- Managers show that he was expected to and did, in fact, perform primarily executively and/or administratively exempt work for Defendant.

E.   **Affirmative Defense 21: Plaintiff's Exempt Status**

As described in more detail above, Defendant will offer evidence that Plaintiff was properly classified as an exempt executive and/or administrative employee and that Defendant had reasonable expectations that Plaintiff would perform exempt tasks more than fifty percent of the time he was working.

F.   **Affirmative Defense 22: Failure to Meet Reasonable Requirements**

Plaintiff cannot evade a valid exemption by failing to comply with the realistic requirements of the job and spending too much time on nonexempt duties.  *Ramirez v.*

LITTLER MENDELSON, P.C.
633 West Fifth Street
63rd Floor
Los Angeles, CA  90071
213-443-4299

DEFENDANT'S MEMORANDUM OF CONTENTIONS OF FACTS AND LAW

18.

CASE NO.: 2:15-CV-01384-DMG-AJW

*Yosemite Water Co.*, 20 Cal. 4th 785, 801-03 (1999).

As set forth above, Defendant had realistic expectations that Plaintiff would perform exempt executive and/or administrative work.  In support of this defense, Defendant will submit documentary and testimonial evidence that Plaintiff simply was not doing his managerial job properly to the extent he claims to have primarily performed non-exempt duties.  Evidence of this failure to properly manage includes Plaintiff's multiple documented coachings, a performance improvement plan and the testimonies of percipient witnesses with whom Plaintiff worked during the contested period.

### G.   **Affirmative Defense 23: Failure to Meet Reasonable Expectations**

Plaintiff cannot evade a valid exemption by failing to comply with the realistic requirements of the job and spending too much time on nonexempt duties.  *Ramirez v. Yosemite Water Co.*, 20 Cal. 4th 785, 801-03 (1999).

As set forth above, Defendant had realistic expectations that Plaintiff would perform exempt executive and/or administrative work.  In support of this defense, Defendant will submit documentary and testimonial evidence that Plaintiff simply was not doing his managerial job properly to the extent he claims to have primarily performed non-exempt duties.  Evidence of this failure to properly manage includes Plaintiff's multiple documented coachings, a performance improvement plan and the testimonies of percipient witnesses with whom Plaintiff worked during the contested period.

### H.   **Affirmative Defense 25: Waiver of Meal/Rest Breaks**

To establish the affirmative defense of waiver, Defendant must prove that Plaintiff knew of his rights with respect to meal and/or rest breaks, but voluntarily waived his right to take such breaks.

In support of this defense, Defendant will put forth evidence that Plaintiff was aware of his rights with respect to meal and rest breaks, had tools and procedures to take breaks or request remedies concurrently, but waived his right to take such

LITTLER MENDELSON, P.C.
633 West Fifth Street
63rd Floor
Los Angeles, CA 90071
213-443-4299

DEFENDANT'S MEMORANDUM OF
CONTENTIONS OF FACTS AND LAW

19.

CASE NO.: 2:15-CV-01384-DMG-AJW

breaks and/or his right to recover and of Defendant's alleged violations.  Furthermore, Defendant will put forth evidence that Plaintiff was provided with lawful and compliant meal and rest breaks, but Plaintiff waived the right to take them by voluntarily choosing not to do so.   Defendant's evidence will include witness testimony, Defendant's policies, and Plaintiff's emails.

## VI.        THIRD PARTY ISSUES

None anticipated.

## VII.        ANTICIPATED EVIDENTIARY ISSUES

Defendant intends to request that the Court rule on the following issues prior to trial, which are briefed separately as set forth in Defendant's Motions in Limine:

1.     Permit Defendant to Present its Case Establishing The Affirmative Defense of Exemption First;

2.     Exclude Documentary or Oral Testimony By Wade Capps;

3.     Exclude Any Evidence of Plaintiff's Employment with Wal-mart After July 11, 2014.

## VIII.        ISSUES OF LAW AND DEFENDANT'S POSITION

None other than those discussed in previous section.

## IX.        BIFURCATION OF ISSUES

Defendant does not seek to bifurcate any issues in this matter.

## X.        JURY TRIAL

Parties have agreed to a jury trial.

## XI.        ATTORNEY'S FEES

If Plaintiff is successful on his Labor Code claims, he is entitled to recover his reasonable attorneys' fees pursuant to Cal. Lab. Code §§ 218.5, 226(e) and 1194.

Because Plaintiff's claims are meritless and without evidentiary support, Defendant is entitled to its attorneys' fees under Federal Rule of Civil Procedure 11.

LITTLER MENDELSON, P.C.
633 West Fifth Street
63rd Floor
Los Angeles, CA  90071
213-443-4299

DEFENDANT'S MEMORANDUM OF
CONTENTIONS OF FACTS AND LAW

20.

CASE NO.: 2:15-CV-01384-DMG-AJW

## XII.    ABANDONMENT OF ISSUES

Plaintiff has agreed to abandon the following:

(1)    Cause of Action No. 5 for conversion. *See, supra*, fn. 1.

(2)    Claim for Liquidated Damages on Cause of Action No. 1 for Overtime Compensation.

Defendant will not pursue the following affirmative defenses at trial:

(3)    Affirmative Defense 1: Failure To State A Claim

(4)    Affirmative Defense 3: Good Faith

(5)    Affirmative Defense 5: Doctrine of Laches

(6)    Affirmative Defense 6: Doctrine of Unclean Hands

(7)    Affirmative Defense 7: Avoidable Consequences

(8)    Affirmative Defense 8: Doctrine of Estoppel

(9)    Affirmative Defense 9: No Proximate Cause

(10)    Affirmative Defense 10: Good Faith and Lack of Malice

(11)    Affirmative Defense 11: Failure to State A Claim for Punitive Damages

(12)    Affirmative Defense 12: Failure to State A Claim for Attorney's Fees and Costs

(13)    Affirmative Defense 13: Failure to Exhaust Administrative or Contractual Remedies

(14)    Affirmative Defense 14: After Acquired Evidence Rule

(15)    Affirmative Defense 15: Offset

(16)    Affirmative Defense 16: Managerial Privilege

(17)    Affirmative Defense 20: Waiver

(18)    Affirmative Defense 24: Unconstitutionality of Excessive Fines

(19)    Affirmative Defense 26: Due Process

(20)    Affirmative Defense 27: Good Faith

(21)    Affirmative Defense 28: Monies Received

(22)    Affirmative Defense 29: Proximate Cause

LITTLER MENDELSON, P.C.
633 West Fifth Street
63rd Floor
Los Angeles, CA 90071
213-443-4299

DEFENDANT'S MEMORANDUM OF
CONTENTIONS OF FACTS AND LAW                21.                CASE NO.: 2:15-CV-01384-DMG-AJW

1

2

3   Dated:   February 23, 2016          /s/ John S. Hong

4                                       John S. Hong
                                        LITTLER MENDELSON, P.C.
5                                       Attorneys for Defendant
                                        WAL-MART STORES, INC.
6

7   Firmwide:138896680.1 080000.1085

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
633 West Fifth Street
63rd Floor
Los Angeles, CA 90071
213-443-4299

DEFENDANT'S MEMORANDUM OF
CONTENTS OF FACTS AND LAW          22.          CASE NO.: 2:15-CV-01384-DMG-AJW